IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAVORRIS RASHAD REDDING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:17-CV-176 (MTT) |
| ) | |
| Warden GREGORY McLAUGHLIN, ) | |
| *et al.*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

United States Magistrate Judge Thomas Langstaff recommends granting Defendants Blakely, Burroughs, Grace, Jenkins, Johnson, Moore, Mosley, Pope, Sales, and Williams' motion for summary judgment (Doc. 46) and denying Plaintiff Redding's motion for summary judgment (Doc. 44). Doc. 55. The Magistrate Judge makes this recommendation because he concludes that the evidence, viewed in the light most favorable to the Plaintiff, does not create a genuine issue of material fact as to whether the Defendants failed to intervene, used excessive force, or showed deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment. *See generally id.* The Plaintiff has objected to certain parts of the Recommendation. Doc. 56. Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

**I. BACKGROUND**

On May 18, 2016, the Plaintiff, inmate Jarvorris Redding, was housed in the Administrative Segregation Tier Unit J-1 at Macon State Prison in Oglethorpe, Georgia. Docs. 6 at 5; 46-2 at 1. On that day, Defendant Corrections Officers Jonathan

Burroughs and Justin Jenkins ordered the Plaintiff to take a shower.  Docs. 6 at 5; 46-2 at 3.  They then escorted the Plaintiff to a shower stall located next to a stall where inmate Nakia Bond was.  *Id.*  As Defendants Burroughs and Jenkins left the Plaintiff in his shower and exited the shower area, they allegedly told Bond, "Coast was clear."  Doc. 6 at 5.  Defendants Burroughs and Jenkins failed to follow prison policy by not locking the Plaintiff's and Bond's respective shower doors.  *Id.*

After Burroughs and Jenkins left, Bond, who had strapped magazines to his torso as armor, entered the Plaintiff's stall and began stabbing the Plaintiff with a shank.  Docs. 6 at 5; 46-2 at 3.  Less than a minute after the attack began, another inmate alerted Burroughs, Jenkins, Defendant Courtney Moore, and Defendant Darryl Pope of the attack.  *Id.*  Those officers ultimately secured the Plaintiff and Bond in less than two minutes by using a taser.  Docs. 6 at 6; 46-1 at 4; 46-2 at 4.

After the attack, the Plaintiff was taken to the prison's infirmary by prison officers, including Defendant Jenkins.  Docs. 6 at 6; 46-2 at 5-6.  Prison officers began recording the medical examination with a video camera.  Doc. 48-1, Ex. A.  Once the Plaintiff was in the medical examination room, the officers repeatedly ordered the Plaintiff to lie down on the examination table so that Nurse Kathy Cazenave could check his vitals and stab wounds.[1]  Docs. 6 at 7; 46-2 at 5-6.  The Plaintiff disobeyed these orders because, he says, "he needed to go to the hospital," and ultimately spit in an officer's face.  *Id.*; Doc. 48-1, Ex. A, Video 1.[2]  Defendant Deputy Warden Don Blakely and Defendant Officer Timothy Sales then instructed Defendant Officers Dewanze Williams, Jeffrey Mosley, Kenneth Grace, and Jenkins to place the Plaintiff on the floor and put leg restraints on

---

[1] It is the prison's policy to have a nurse check an inmate's vitals before the inmate is transported to a hospital.  Doc. 46-2 at 5.

[2] "[W]hen uncontroverted video evidence is available, the court should view the facts in the light depicted by the video recording."  *Mathis v. Adams*, 577 F. A'ppx 966, 968 (11th Cir. 2014).

him. Docs. 6 at 7; 46-1 at 6-7. The Plaintiff says he was "slammed" to the floor and an officer placed his knee on his back, thereby pressing the Plaintiff's open and bleeding stab wound on his chest into the floor. Doc. 6 at 7. The Plaintiff remained on the floor for approximately two minutes.[3] *Id.* The Plaintiff was subsequently taken to Phoebe Sumter Medical Center and returned to the prison the same day where he filed a formal grievance against Defendants Burroughs and Jenkins for failing to lock his shower door. Docs. 6 at 8; 46-15.

A "couple" days before the attack, the Plaintiff alleges in his complaint (but not in any grievance) that Defendant Blakely asked the Plaintiff if he was "okay because [the Plaintiff's] family called down to the prison" requesting that the Plaintiff be moved to protective custody. Doc. 6 at 9. The Plaintiff allegedly told Defendant Blakely that he would like to be placed in protective custody because he "feared for his life." *Id.* Defendant Blakely then allegedly told the Plaintiff, "You're Mob/Goodfellas.[4] You all cannot go in protective custody. That's what the Tier is for," and proceeded to close the Plaintiff's cell door. *Id.*

On May 4, 2017, the Plaintiff filed this action against Defendants Blakely, Jenkins, Burroughs, Moore, Pope, Sales, Mosley, Williams, Grace, and Johnson in this Court. Doc. 1. The Plaintiff brought failure to protect claims against Defendants Blakely, Burroughs, and Jenkins for failing to prevent the attack; failure to intervene claims against Defendants Burroughs, Jenkins, Moore, and Pope for their failure to respond to the attack in a timely manner; excessive force claims against Defendants

---

[3] For reasons not explained, there is no video of the Plaintiff being taken to the floor, and the Court takes the Plaintiff's account of that incident as true. Otherwise, the video of the events in the infirmary is complete.

[4] The Plaintiff states in his complaint that "Goodfellas" is a "common gang" that he is "affiliated with out of Atlanta, Georgia." Doc. 6 at 9.

Grace, Jenkins, Mosley, and Williams for the force they used during his May 18 infirmary visit and Defendants Johnson and Moore for the force they used during his May 19 cell transfer; and deliberate indifference to medical care claims against Defendants Grace, Jenkins, Mosley, Sales, and Williams.  Docs. 1; 6.  The Plaintiff seeks compensatory and punitive damages.  *Id.*

## II. DISCUSSION

### A. FAILURE TO PROTECT CLAIMS

As the Plaintiff states in his objection, the Magistrate Judge does not address the Plaintiff's failure to protect claims against Defendants Blakely, Burroughs, and Jenkins.  *See generally* Docs. 9; 55; 56.  But the Defendants have moved for summary judgment on those claims (Doc. 46-1 at 12), and thus, the Court addresses them now.

"[T]he [E]ighth [A]mendment's proscription against cruel and unusual punishment imposes a duty to provide reasonable protection" to prison inmates.  *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations omitted).  A prison officer violates the Eighth Amendment when he knows that an inmate is facing a substantial threat to his safety, yet disregards that known threat by failing to respond to it in a reasonable manner, such as placing the inmate in protective custody.  *Rodriguez v. Sec'y for Dep't of Corrs.*, 508 F.3d 611, 617 (11th Cir. 2007) (citing *Farmer v. Brennan*, 511 U.S. 825, 829, 837, 844 (1994)).  "Whether a prison official had the requisite knowledge of a substantial risk is a *question of fact*[.]"  *Farmer*, 511 U.S. at 842 (emphasis added).  The Plaintiff maintains that there is a question of fact regarding Defendants Blakely, Burroughs, and Jenkins' knowledge of the attack.  Doc. 56 at 1-2.  The Court addresses those allegations below.

**1. Failure to Protect Claims against Defendants Burroughs and Jenkins**

Defendants Burroughs and Jenkins contend that the Plaintiff's failure to protect claims against them must fail because (1) "it is well settled that liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process[;]" (2) "the undisputed evidence shows that Officers Jenkins and Burroughs reacted immediately to separate the two inmates once they began fighting[;]" (3) they are entitled to qualified immunity; and (4) the Plaintiff failed to exhaust his administrative remedies. Doc. 46-1 at 12, 20 (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) and *Maggio v. Sipple*, 211 F.3d 1346, 1350 (11th Cir. 2000)).

The Defendants' first argument is patently without merit. The Plaintiff clearly is not alleging mere negligence on the part of Burroughs and Jenkins; he is alleging that Burroughs and Jenkins had malicious and willful intent. Doc. 6 at 5 ("When [the Plaintiff] walked to the front of the shower to shower, Burroughs and Jenkins advised [Bond], 'Coast was clear.'") Defendants Burroughs and Jenkins' second argument is also unpersuasive. As discussed below, their quick response to the attack undercuts the Plaintiff's failure to intervene claims, but their response to the attack is not dispositive of the Plaintiff's failure to protect claims. Certainly, their quick response could, in light of the Plaintiff's allegations, suggest that they did not set the Plaintiff up to be attacked, but that is for a jury to decide. *Farmer*, 511 U.S. at 842.

The Defendants' contention that they are entitled to qualified immunity is also without merit. "Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Lassiter v. Ala. A & M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (quoting *Harlow v.*

*Fitzgerald*, 457 U.S. 800, 818 (1982)).  There is no dispute that Defendants Burroughs and Jenkins were "acting within the scope of their discretionary authority."  But it is well-established that if actual or substantial knowledge of a specific and credible threat against a prisoner can be proven, action must be taken to attempt to prevent it.  *E.g.*, *Farmer*, 511 U.S. at 829; *Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003); *Bugge v. Roberts*, 430 F. App'x 753, 759 (11th Cir. 2011).  As discussed above, the Plaintiff has sufficiently alleged that Defendants Burroughs and Jenkins facilitated the attack and thus obviously had actual knowledge of the risk of the attack.  Therefore, they are not entitled to qualified immunity.

Finally, Defendants Burroughs and Jenkins argue that the Plaintiff failed to exhaust his administrative remedies, arguing that the Plaintiff failed to allege sufficient facts in his grievance that Defendants Burroughs and Jenkins "*intentionally* set him up to be stabbed by inmate Bond[.]"  Doc. 46-1 at 18-19 (emphasis added).  Nowhere in the Georgia Department of Corrections (GDOC) Grievance Procedures does it require the Plaintiff to specifically allege an offender's *mens rea* to support his allegations in his grievance.  *See generally* Doc. 46-15; *Jones v. Bock*, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").  The Plaintiff alleged the same facts in his grievance regarding Defendants Burroughs and Jenkins as he did in his complaint, and the only additional fact in the Plaintiff's complaint that was not in his grievance was his allegation that either Burroughs or Jenkins told Bond, "Coast was clear."  *Compare* Doc. 46-16 *with* Doc. 6.  Defendants Burroughs and Jenkins have not established that the Plaintiff failed to exhaust his administrative remedies.

Accordingly, the Plaintiff's failure to protect claims against Defendants Burroughs and Jenkins shall go forward. The Defendants' motion for summary judgment as to this issue (Doc. 46) is **DENIED**, and the Plaintiff's motion to amend his complaint (Doc. 56) is **DENIED**.[5]

**2. Failure to Protect Claim against Defendant Blakely**

Defendant Blakely contends in a footnote in his brief that the Plaintiff's claim for failing to place him in protective custody fails because (1) there is no evidence of such an inmate request in the prison's software system; and (2) the Plaintiff "did not file any grievance regarding a claim that Blakely failed to place him in Protective custody," and he therefore did not exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA) before filing a federal claim. Doc. 46-1 at 12, 18-20 (citing 42 U.S.C. § 1997e(a)).

With respect to Defendant Blakely's second contention, there is no record that the Plaintiff ever filed a grievance after he allegedly told Defendant Blakely that he "feared for his life" and requested to be placed in Protective custody. Docs. 46-1 at 12; 46-15 at 18; *see generally* Doc. 6. The Plaintiff does not contend that he filed a grievance against Defendant Blakely in his complaint (Doc. 6), his motion for summary judgment (Doc. 44), or his response to the Defendants' motion for summary judgment (Doc. 52).

Because the Plaintiff failed to exhaust his administrative remedies, Blakely's motion for summary judgment on the Plaintiff's failure to protect claim against him is **GRANTED**, and the Plaintiff's motion for summary judgment on this issue is **DENIED**.

---

[5] In his objection, the Plaintiff moves to amend his complaint to recharacterize his failure to protect claims against Defendants Burroughs and Jenkins as "breach of security" claims. Doc. 56 at 2-3. In light of this ruling, his motion is **MOOT** and therefore **DENIED**.

## B. FAILURE TO INTERVENE CLAIMS

The Plaintiff objects to the Magistrate Judge's Recommendation that Defendants Burroughs, Jenkins, Moore, and Pope did not fail to intervene once another inmate notified them of inmate Bond's attack on the Plaintiff. Doc. 56 at 2. The Plaintiff's failure to intervene claims against Defendants Burroughs and Jenkins are subsumed by his failure to protect claims against them, so the Plaintiff's only remaining claims to review are those against Defendants Moore and Pope. The Plaintiff's claims against Defendants Moore and Pope fail for the reasons stated by the Magistrate Judge. Summary judgment for Defendants Moore and Pope is thus **GRANTED**, and the Plaintiff's motion for summary judgment on this issue is **DENIED**.

## C. EXCESSIVE FORCE CLAIMS

In his objection, the Plaintiff argues a genuine of issue of fact exists as to whether Defendants Grace, Jenkins, Mosley, and Williams used excessive force in violation of the Eighth Amendment when those Defendants "slammed" the Plaintiff onto the floor in the medical examination room on May 18, 2016. Doc. 56 at 1. The Plaintiff makes much of the fact that the only missing video of his medical examination is when the Defendants placed the Plaintiff on the floor. *Id.* But because the Court takes the allegations as true, the missing video is of no consequence.[6]

---

[6] The Magistrate Judge stated that "[n]either Defendants nor Plaintiff discuss the fact that the video [evidence of the Plaintiff receiving medical treatment] does not show Plaintiff being placed on the floor." Doc. 55 at 9. Defendants Grace, Jenkins, Mosley, and Williams, in fact, deny (albeit buried in a footnote in their brief) that the Plaintiff was "slammed" to the floor, and merely state that the loss of the video surveillance during this incident is "unfortunate." Doc. 46-1 at 13. But the Defendants still argue that "even if the Defendants had 'slammed' the Plaintiff to the floor as alleged, the use of force was reasonable considering the circumstances." *Id.* The Plaintiff does not deny this in his response to the Defendant's motion for summary judgment (Doc. 52), but he does argue that excessive force was used in his own motion for summary judgment. Doc. 44 at 3-6. Furthermore, the Plaintiff argues in his objection that because there is no video evidence of the Defendants slamming the Plaintiff to the floor, the "[P]laintiff['s] claim must be treated as true." Doc. 56 at 1.

- 8 -

In determining whether there was a factual issue to determine a malicious and sadistic intent, the Magistrate Judge concluded that the five factors discussed in *Whitley v. Albers* do not weigh in favor of the Plaintiff. Doc. 55 at 4-6 (citing 475 U.S. 312, 321 (1986)). Great deference is given to prison officials acting to preserve discipline and security, and, when the Plaintiff's allegations are viewed in the light most favorable to the Plaintiff, the amount of force that Defendants Grace, Jenkins, Mosley, and Williams allegedly used was not so unreasonable or extraordinary as to indicate anything but an attempt to compel the Plaintiff to obey a lawful order and to properly restrain him. *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

Because the Court agrees that the *Whitley* factors weigh heavily in favor of the Defendants as to the May 18 incident, the Defendants' motion for summary judgment in regards to the Plaintiff's excessive force claims (Doc. 46) is **GRANTED**, and the Plaintiff's motion for summary judgment in regards to this issue (Doc. 44) is **DENIED**.[7] Furthermore, it would be futile to allow the Plaintiff to amend his complaint to add a "First Amendment Retaliation" claim regarding this issue,[8] and the Plaintiff's motion to amend his complaint (Doc. 56) is thus **DENIED**.

---

[7] The Plaintiff does not object to the Magistrate Judge's Recommendation that the Defendants' motion for summary judgment regarding the Plaintiff's excessive force claims against Defendants Johnson, Moore, and Sales be granted. Doc. 56. The Court has reviewed this portion of the Recommendation (Doc. 55 at 12-14), and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. Summary judgment is thus **GRANTED** to the Defendants on these claims, and the Plaintiff's motion for summary judgment on these claims is **DENIED**.

[8] The Plaintiff requests to amend his complaint in his objection by adding a First Amendment Retaliation claim. Doc. 56 at 3. The Plaintiff contends that he had a First Amendment right to disobey the prison officers' orders in the medical room by spitting in an officer's face after being ordered to lie down, and the officers' response in "slamming" the Plaintiff to the ground was unlawful retaliation. *Id.* As discussed above, deference is given to the Defendants who believed such force was necessary to "preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

## D. DELIBERATE INDIFFERENCE TO MEDICAL CARE CLAIMS

The Plaintiff does not object to the Magistrate Judge's Recommendation that the Defendants' motion for summary judgment regarding the Plaintiff's deliberate indifference to medical care claims be granted. The Court has reviewed this portion of the Recommendation (Doc. 55 at 15-17), and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. Summary judgment is thus **GRANTED** to the Defendants on these claims, and the Plaintiff's motion for summary judgment on these claims is **DENIED**.

## E. COMPENSATORY AND PUNITIVE DAMAGES

Under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Defendants argue that the Plaintiff is not entitled to compensatory or punitive damages because the Plaintiff has suffered no physical injuries caused by the Defendants in his excessive force claims. Doc. 46-1 at 18.

Compensatory damages for a constitutional violation under § 1983 must be based on proof of the actual injuries suffered by the Plaintiff. *Carey v. Piphus*, 435 U.S. 247, 247 (1978). Punitive damages are also recoverable against a prison official in his personal capacity if the official acted with malicious or evil intent or in callous disregard of the Plaintiff's federally protected rights. *Smith v. Wade*, 461 U.S. 30, 56 (1983). The Plaintiff has alleged sufficient facts here to state a § 1983 claim for both compensatory and punitive damages against Defendants Burroughs and Jenkins, as he suffered physical injuries from Bond who was allegedly allowed out of his shower by Defendants Burroughs and Jenkins to attack him, and they allegedly did so with malicious intent. A jury must decide whether Defendants Burroughs and Jenkins facilitated the attack and

whether they did so with malicious intent, and if so, whether the Plaintiff is entitled to compensatory and punitive damages. *Id.* at 35-36; *see, e.g.*, *Dimick v. Schiedt*, 293 U.S. 474, 479 (1985); *Kennon v. Gilmer* 131 U.S. 22, 29-30 (1889).

### III. CONCLUSION

Accordingly, the Court accepts and **ADOPTS as modified** the findings, conclusions, and recommendations of the Magistrate Judge. The Defendants' motion for summary judgment (Doc. 46) is **GRANTED in part** and **DENIED in part**. The Plaintiff's motion for summary judgment (Doc. 44) is **DENIED**, and his motion to amend his claim (Doc. 56) is **DENIED** as moot. Only the Plaintiff's failure to protect claims against Defendants Burroughs and Jenkins shall go forward.

**SO ORDERED**, this 28th day of September, 2018.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT